Shaw v. United States Department of Labor Good morning, your honor. Honors. My name is Sachin Shaw. I am a whistleblower under Sarbanes-Oxley. Thank you for allowing me to present my statement. For 16 years, I've endured retaliation and harassment for reporting financial misconduct by Albert Fried, TD Securities, TD Bank. I am a two-time whistleblower, first from 2009 to 2013 and again 2013 onward. I bring evidence supporting my SOX and SEC claims originally filed on 6-28-2017 against the intervenors, Mr. Anthony Kucinich, Mr. Albert Fried, Mr. David Santina, related parties, and to highlight the systemic failures within the DOL. My case is further reinforced by the recent SEC and DOJ enforcement actions comprising more than $3 billion in fines on TD Bank and its affiliates, confirming the misconduct that I have long reported. As of today, eight years have passed since my termination from these entities. Despite my qualifications, I remain unemployed, blacklisted for fulfilling my duty to report securities violations and fraud. Since my termination on January 3, 2017, I've faced persistent retaliation by the intervenors, their counsel, OSHA, and others who have aimed to suppress my evidence that I submitted to OSHA, ALJ, ARB, and DOL. The retaliation includes interference with my legal counsel, forcing me to proceed in pro se before this court even today. Mr. Kucinich, Mr. Fried, and others orchestrated a cover-up to conceal these illegal activities. They intensified harassment after learning that I was whistleblowing, placing me on the termination list during the merger with TD Securities and TD Bank to evade accountability. They further retaliated by falsely promising me continued employment at TD Securities, an offer that was never materialized. Mr. Kucinich even claimed ignorance of the termination despite holding dual roles, chief compliance officer, chief operating officer. Moreover, the DOL accepted this explanation without challenge. The DOL accepted Kucinich's claim of ignorance, which is now indefensible given the bombshell releases from the regulators. Indeed, $3 billion in fines are not a trivial footnote. If over $3 billion in combined fines and criminal admissions cannot demonstrate relevance, then no evidence ever will. I have provided extensive and overwhelming smoking gun evidence, notably 290 records and 94 attachments in my filing that detail interceptive communications and harassment, proof of my communications were manipulated, financial exploitation and illegal trading, practices that prompted my reports, with real-time recordings and videos documenting retaliatory acts and termination. The DOJ SEC findings show more than $3 billion in fines, confirming my allegations of spoofing, money laundering and compliance failures. The foundation of my SOX claim, under SOX, whistleblowers are protected by exposing corporate fraud. Murray versus UBS clarified that showing protected activity contributed to adverse actions is sufficient. My disclosures led to the forced remote work, withheld compensation and even termination. Refusing to revisit my case would not only contradict Murray, but also undermine the very purpose of SOX. In short, ARB's conclusion that there was no cause and effect relationship between these disclosures and this charge is no longer tenable. Official government findings of systematic corporate crime at TD Bank fatally undermined this determination. The long history of retaliation and exorbitantly intertwined relationships, I first reported securities fraud in 2009 at ICAP, later at Albert Freed, I endured daily harassment, was not compensated and forced into isolation. Aware of my litigation with Mr. Les Levy, the interveners escalated the retaliation against me. During the TD merger, I was terminated on January 3rd, 2017, reflecting the effort to silence me. Recent fines and over 60 plus terminated employees since 2014 confirmed the widespread misconduct and corrupt at TD Securities. Underscoring their motive, SEC DOJ findings show that TD Bank, TD Securities cannot be trusted by this court today. On 9-30-24, SEC fined TD Securities $6.9 million in spoofing. 10-10-24, DOJ charged TD Bank for $3 billion for money laundering and Bank Security Act violations. The interveners have documented history of repeated ongoing noncompliance and regulatory violations, including their role in the Stanford Ponzi scheme, further demonstrating a pattern of persistent misconduct. The interveners dismissed $3 billion in fines as irrelevant, though they fully validate and fully vindicate my claims. Affirmative defense cannot survive $3 billion in fines. The ARB acceptance of TD Bank's affirmative defense is no longer supported by the record. These enforcement details show the interveners had a strong retaliatory motive against me, failures of the DOL and administrative bodies. Of the 290 records, 252 records and evidence were excluded by the DOL. There were major procedural errors, including summary judgment was granted without discovery. The DOL failed to apply proper standard for whistleblowers by ignoring Murray v. GBS. This deafening silence by the DOL is not merely procedural, it is significant. The DOL offers no defense for the ARB's dismissal, which contradicts their damning evidence. In summary, your honors, I have endured 16 years of suffering and retaliation for upholding SOX. I and my family have severely penalized for being a whistleblower. The evidence, including the 290 records and recently regulatory actions, proves my claim validity. I respectfully request the court reverse the DOL decision and infer my SOX claim. Amid the 290 records as critical evidence, grant the full remedies, including full damages, including suffering and injunctive relief. Massive fines and guilty plea are irrelevant. In fact, they confirm the fraud that I exposed and was serious and ongoing by the interveners. I thank you for your time and consideration. Mr. Schott, thank you for your statement. We'll hear from your adversary. Okay. Good morning, your honors. May it please the court, Emma Gould for the Department of Labor. The issue before this court is a narrow one. The only question before this court is whether the ARB erred in finding that the intervener has shown by clear and convincing evidence it would have terminated Mr. Shaw's employment when it acquired Albert Freed regardless of any alleged protected activity. There is no genuine dispute of material fact on that point. The record contains sworn affidavits from TD's managing director of sales and trading and TD's head of human resources stating that TD terminated Mr. Shaw's employment when it acquired Albert Freed because his role as a special situations and merger arbitrage strategist didn't fit within the business purposes of the acquisition, which was focused on prime brokerage and securities lending. Mr. Shaw was just one of 11 employees who were let go when TD acquired Albert Freed. These sworn affidavits are supported in the record by contemporaneous internal confidential records created by TD during its due diligence process indicating that it identified Mr. Shaw's role as one that would not be carried over as early as July 2015. These internal confidential due diligence documents from July 2015, March 2016, June 2016, September, October, and November 2016 TD indicated that it would not retain Mr. Shaw's role when it acquired Albert Freed. Mr. Shaw has presented nothing to create a genuine dispute on this point. Simply stating that the affirmations are false is not sufficient as this court recently stated conclusory allegations, conjecture, and speculation are insufficient to create a genuine issue of fact. I also note that the ARB recognized Mr. Shaw was appearing pro se and made their own review of the record and found nothing in the record that would create a genuine dispute of fact on this point. Because there is no genuine dispute of fact that TD was going to let Mr. Shaw go for business reasons when it acquired Albert Freed regardless of his alleged protected activity, summary decision for the intervener was appropriate and I therefore ask the court to affirm the decision of the ARB. If the court has nothing further, that's all I have. Good morning, your honors. May it please the court. Janine Conley-Daves on behalf of TD Services USA LLC, TD Prime Services LLC, formerly Albert Freed and Company LLC, and together they are the interveners for TD Securities. I don't want to repeat everything that Ms. Gould said. I do agree with her statements entirely. We do agree that this court should deny the petition of review and that the ARB's decision essentially affirming the ALJ's decision, granting our summary decision, was appropriate and it was proper because we did show, our clients did show by clear and convincing evidence as Ms. Gould stated, that Mr. Shaw would in fact have been terminated on the same basis even in the absence of the alleged protected activity. I will just add that the ARB made it very clear that even after sifting through Mr. Shaw's briefing, they only found one sentence that had anything to do with that clear and convincing standard and that statement the ARB found was entirely conclusory and as Ms. Gould stated, it did not show any genuine dispute of material fact and thus Mr. Shaw had not met his burden. Even though the ARB actually ruled that it wasn't their responsibility to sift through Mr. Shaw's briefing and that that is not what the board has to do, they even made a substantive review and in making that substantive review of Mr. Shaw's papers, they ruled that it was very clear that Mr. Shaw had not shown in any way that my client had any knowledge of his protected activity given that there was only one point of protected activity that could have been found which was that December 27th letter. Even taking into account that that letter may have been sent on December 27th, my clients would not have known as Anthony Katsingris was not in the office for several weeks, was not told until very late about who was going to be let go and Ed Daniele who was the compliance officer was also out of the office because of the illness of his wife who died on December 26th. There was no knowledge. He could not show and establish any contributing factor and the review, the administrative review board was proper in its findings. If there are no other questions, I will end my comments. Thank you all. Thank you Mr. Shaw for coming in to make a pro se statement and we have your briefing. Thank you. Good morning. Happy New Year. That's the last case to be argued this morning so I will ask the clerk to adjourn court.